

January 18, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

    Re:    <u>*Zimmerman v. UBS AG et al.*, No. 17-cv-04503 (JMF)</u>

Dear Judge Furman:

    I write on behalf of Defendants Charles Schwab & Co., Inc., Charles Schwab, and Walt Bettinger (collectively, the "Schwab Defendants") in response to the Court's December 6, 2017 Order (Dkt. 60) requiring the Schwab Defendants to submit a letter regarding the effect of *pro se* Plaintiff Robert Zimmerman's ("Mr. Zimmerman") First Amended Complaint on the Schwab Defendants' fully briefed motions to compel arbitration and for sanctions (the "Motions").

    The First Amended Complaint largely incorporates alleged facts and legal arguments already addressed in the Motions.  For example, Mr. Zimmerman alleges in the First Amended Complaint that he should be relieved of his obligation to arbitrate against the Schwab Defendants because he would be unable to get a fair hearing in FINRA and because the three separate arbitration agreements at issue are all unconscionable.  *See, e.g.*, First Amended Complaint ("FAC") ¶¶ 388-406, 415-420. These arguments have been briefed in the Motions.  *See, e.g.*, Dkt. 31 at 3-9, 13-15; Dkt. 38 at 4-8.  Although Mr. Zimmerman offers additional evidence in the First Amended Complaint to support his argument that FINRA is inherently biased against him, in the form of personal anecdotes from various attorneys, this evidence remains insufficient to invalidate Mr. Zimmerman's obligation to arbitrate in FINRA.

    Mr. Zimmerman does raise three new arguments in the First Amended Complaint, which the Schwab Defendants address in the remainder of this letter.  In the interest of efficiency, the Schwab Defendants respectfully ask the Court to accept this letter in lieu of additional formal briefing, but the Schwab Defendants are prepared to submit further briefing if the Court desires.

BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue, New York, NY 10022 | (t) 212 446 2300 | (f) 212 446 2350 | www.bsfllp.com



January 18, 2018
Page 2

As an initial matter, because Mr. Zimmerman does not dispute that he agreed to arbitrate the issue of arbitrability, each of his new arguments—as with the prior arguments—can be resolved only in a FINRA arbitration. In the event the Court decides arbitrability and reaches these new arguments, they are insufficient to overcome Mr. Zimmerman's obligation to arbitrate in FINRA.

*First*, Mr. Zimmerman argues that the arbitration clause in the brokerage account agreement is invalid because it fails to conform to FINRA Rule 2268, which sets forth rules governing notice that must be given to a customer about the presence of an arbitration clause in a brokerage account document and provides language that must be included. Specifically, Mr. Zimmerman alleges in the First Amended Complaint that the arbitration clause in the brokerage Account Agreement was improperly "buried" and that he was not notified of the presence of the arbitration clause near where he executed the brokerage account documents to open his account. FAC ¶¶ 385-386.

Mr. Zimmerman is simply incorrect. The brokerage account Application that Mr. Zimmerman completed contains the following disclosure directly above where he electronically executed the document, which satisfies FINRA Rule 2268: "The agreement with Schwab includes a predispute arbitration clause. You acknowledge receipt of the predispute arbitration clause contained in Section 14, page 2, of the Application Agreement." Dkt. 25-1 at 6 (brokerage account Application and Application Agreement) and Dkt. 25-2 at 2 (electronic record of Mr. Zimmerman's completed Application and acceptance of the Application Agreement). Section 14 of the Application Agreement contains, verbatim, disclosure language required by FINRA Rule 2268. Dkt. 25-1, Application Agreement, § 14. In the First Amended Complaint, Mr. Zimmerman ignores the disclosures in the Application and Application Agreement. Instead, he refers only to the Account Agreement—a separate document provided to Mr. Zimmerman at the time he opened his brokerage account that contains additional information about the account, including disclosures, consistent with FINRA Rule 2268, about the consequences of agreeing to arbitrate.

*Second*, Mr. Zimmerman argues that FINRA lacks the authority to grant the injunctive relief he seeks requiring Schwab to inform customers about the risks of investing in "defective" securities. FAC ¶¶ 387, 966. But this argument is irrelevant to the four factors the Court considers in determining whether a dispute is arbitrable. *See* Dkt. 24 at 10-11. The same is true of Mr. Zimmerman's argument that the Federal Arbitration Act does not require arbitration in FINRA. FAC ¶ 387.

*Third*, Mr. Zimmerman argues that the Schwab in-house attorney who executed the prior FINRA settlement agreement containing the third arbitration clause at issue lacked authority to execute the document on Schwab's behalf. Mr. Zimmerman provides no support for this claim. Moreover, Mr. Zimmerman waived this argument by never



January 18, 2018
Page 3

raising it at the time the in-house attorney executed the FINRA settlement agreement and by willingly accepting payment under the settlement.

The Schwab Defendants respectfully submit that the First Amended Complaint does not contain alleged facts or legal arguments that relieve Mr. Zimmerman of his obligation to arbitrate against the Schwab Defendants, and request an opportunity to respond to any further submissions by Mr. Zimmerman on the Motions or the First Amended Complaint.

Respectfully submitted,

/s/ Robyn C. Crowther

Robyn C. Crowther

cc:  Robert Zimmerman (via FedEx)