January 22, 2018

**By Mail:**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, NY 10007

Re:   *Robert Zimmerman v. UBS Ag, et al*, No, 17-CV-4503-JMF

Dear Judge Furman:

This letter is in partial answer to Schwab Defendant's letter of January 18, 2018 and includes a further request for a jury determination on the issue of arbitration and a few further reasons for considering the Confidential Setlement Agreement (CSA) null and void.

Not one of the arguments set out by Schwab Defendants in their letter to the Court dated January 18, 2018 are persuasive, and most are either incomplete, entirely lacking in authority, unintelligible, inappropriate, disingenuous or flat out wrong, just another end run around submitting an Answer to Plaintiff's First Amended Complaint in the same way they avoided answering Plaintiff's Original Complaint.

If Schwab Defendants wish to reargue their previous arguments, as they have with their letter of January 18, 2018, and then advance new arguments in opposition to issues raised in Plaintiff's First Amended Complaint, Schwab Defendants, as they themselves have suggested to this Court, should file the appropriate motion and do so in language that is unambiguous and intelligible.

However, inasmuch as Schwab Defendants have introduced new argumentation with their so-called non-motion letter, Plaintiff will take this opportunity to ask the Court to take judicial notice of the following:

1. The ruling of The Honorable James B. Simandle in Civil Action No. 11-1219, dated August 4, 2016, where quoting several recent appellate court decisions, he ruled in favor of a jury trial instead of mandatory arbitration.

2. Directly on point, Judge Simandle's ruling contains the following strong language: "Section 4 of the FAA, by contrast, provides that, [i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring

1

the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof. 9 U.S.C. § 4. In other words, Section 4 of the FAA plainly envisions that the party resisting arbitration may, upon the filing of a motion to compel arbitration (or similar application), make a separate demand for a jury trial on the specific issue of arbitration (and at a later stage of the proceedings than envisioned by Rule 38)."

3. Plaintiff has requested a jury trial on all triable issues, including the arbitration issue, and hereby renews that request.

4. Schwab Defendants and Plaintiff have previously failed to take notice of the fact that all of the agreements that may or may not exist between Schwab and Plaintiff, including the Confidential Settlement Agreement (CSA), are made between Schwab and Bob Zimmerman, which is not Plaintiff's legal name, which in fact is Robert Lee Zimmerman, possibly addling another reason why the CSA should be ruled null and void. And the fact that the CSA is signed by an employee of Schwab with no declaration that he is authorized to sign such an agreement and which signing fails to state that he is signing on behalf of Schwab, two more facts that could render the CSA null and void.

5. Also, Plaintiff requests that the Court take judicial notice of the fact that Schwab's outside counsel does describe Plaintiff by his legal name, Robert Zimmerman, instead of Bob Zimmerman, as in the CSA.

In closing Plaintiff notes that Schwab Defendants have not set out even one substantial fact showing that a trial in this Court somehow would prejudice Schwab, nor do they offer a shred of evidence that FINRA is not a somewhat disguised securities industry trade association heavily biased in favor of FINRA member firms, from which they receive the bulk of their funding, whereas Plaintiff has offered many reasons why a FINRA arbitration would, and has in the past, proved prejudicial and biased against Plaintiff.

Most respectfully submitted by,

*[signature]*

Robert Zimmerman, 329 Sandpiper Lane, Hampstead, NC 28443
Tel: 910-232-8990, Email: BobZimmerman@usa.com

cc: By email to Robyn. C. Crowther



