UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT ZIMMERMAN

        Plaintiff,

  v.

UBS AG et al.,

        Defendants.

No. 17-cv-4503-JMF

---

# REPLY IN SUPPORT OF
# ERNST & YOUNG LLP'S MOTION TO DISMISS
# PLAINTIFF'S FIRST AMENDED COMPLAINT

Richard T. Marooney
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-2601
Phone: (212) 556-2242
Fax: (212) 556-2222
Email: rmarooney@kslaw.com
*Counsel for Defendant Ernst & Young LLP*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ......................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

    A.    EY-US Was Not UBS's Auditor ............................................................................ 2

    B.    UBS's Financial-Statement Auditor Had No Role in Preparing the "Risk Factors" Section of the CEFL Product Supplement. ...................................... 4

    C.    Plaintiff Concedes that the "Concealed" Information Was Disclosed in UBS's Audited Financial Statements .................................................. 5

    D.    The Amended Complaint Fails to Plead Adequately Any Claim Against EY-US. ........................................................................................................ 7

    E.    The Court Should Dismiss Plaintiff's Claims with Prejudice. .............................. 8

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Bui v. Indus. Enters. of Am.*,
　594 F. Supp. 2d 364 (S.D.N.Y. 2009)......................................................................................8

*Comas v. Merrill Lynch & Co.*,
　No. 92-cv-6560, 1993 WL 800778 (S.D.N.Y. July 2, 1993)...................................................6

*Drobner v. Bruce*,
　531 F. App'x 96 (2d Cir. 2013) ...............................................................................................9

*In re Gas Reclamation, Inc. Sec. Litig.*,
　659 F. Supp. 493 (S.D.N.Y. 1987) ..........................................................................................8

*Goh v. Baldor Elec. Co.*,
　No. 3:98-mc-64, 1999 WL 20943 (N.D. Tex. Jan. 13, 1999)..................................................4

*Herman & MacLean v. Huddleston*,
　459 U.S. 375 (1983)..................................................................................................................8

*I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.*,
　936 F.2d 759 (2d Cir. 1991).....................................................................................................6

*Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*,
　No. 03-cv-613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ..............................................3, 4

*Tuttle v. Sky Bell Asset Mgt., LLC*,
　No. 10-cv-3588, 2011 WL 4713233 (N.D. Cal. Oct. 7, 2011) ................................................4

*Werner v. Werner*,
　267 F.3d 288 (3d Cir. 2001).....................................................................................................6

**Statutes**

15 U.S.C. § 77k..................................................................................................................................8

15 U.S.C. § 77l...................................................................................................................................8

Ernst & Young LLP ("EY-US") submits this reply in support of its Motion to Dismiss [Dkts. 72, 73] Plaintiff's First Amended Complaint [Dkt. 65-1] ("Amended Complaint").

## INTRODUCTION

Plaintiff's Opposition [Dkt. 83] largely fails to address—much less refute—the hornbook law and facts subject to judicial notice that form the foundation of EY-US's Motion to Dismiss. Instead, Plaintiff offers speculation, hyperbole, and highly implausible assertions that do nothing to undercut the fundamental reasons why the claims against EY-US must be dismissed.

*First*, as the Prospectus states, the auditor of the financial statements of UBS AG ("UBS") was Switzerland-based Ernst & Young Ltd, an entity not sued or served in this action. *Second*, Plaintiff has not plausibly alleged any facts that show that UBS's auditor had any duties with respect to any part of the offering documents other than as serving as auditor of the incorporated 2013 UBS audited financial statements, which Plaintiff admits are not at issue here. Indeed, Plaintiff's Opposition confirms that his "allegations involve the offering document for CEFL and not UBS's audited financial statements." (Opp. at 29.) *Third*, the Amended Complaint fails even the most lenient standard of plausibility when it repeatedly asserts that EY-US and others concealed information that was publicly available in news articles, government websites, and UBS's own financial statements. And even if Plaintiff's case were not foreclosed by these three fatal shortcomings, the Amended Complaint still fails to satisfy relevant pleading standards, both plausibility and particularity, and fails to demonstrate essential elements of the causes of action, including duty, scienter, justifiable reliance, loss causation, and materiality.

This case should be dismissed with prejudice. The Court already has allowed Plaintiff to amend his complaint and ordered that "Plaintiff will not be given any further opportunity to amend." (Oct. 26, 2017 Order [Dkt. 35] at 1.) EY-US should not be forced to spend further resources rebutting Plaintiff's unsupported and implausible assertions.

## ARGUMENT

### A. EY-US Was Not UBS's Auditor.

The Amended Complaint names as defendants three different "Ernst & Young" entities: (i) New York-based EY-US; (ii) a London-based firm called "Ernst & Young Ltd."; and (iii) a London-based firm called "EY Global LLP." (Am. Compl. ¶¶ 6-8.) It also purports to name as defendants seven individuals who are alleged to be partners in one or more of the firm-defendants. (*Id.* ¶¶ 24-28.) Of these defendants, only EY-US has been served with process and has appeared in this action.[1] But EY-US is not, and at all relevant times was not, UBS's auditor. As expressly stated in the CEFL offering documents forming the basis of Plaintiff's claims (as well as SEC filings incorporated into those documents), the auditor of UBS's financial statements was Switzerland-based Ernst & Young Ltd ("EY-Switzerland"). (*See* CEFL Prospectus [Decl. Ex. B, Dkt. 74-2] at 76.)

In the Amended Complaint, Plaintiff appears to recognize this fact, as he attempts to tag EY-US with liability not as the auditor for UBS but as the auditor for UBS Securities LLC. (*See* Am. Compl. ¶¶ 6, 347.) But, as EY-US demonstrates in its opening brief, none of Plaintiff's claims in any way arise out of UBS Securities LLC's financial statements, let alone the audits of those financial statements. (Mot. Dismiss Mem. at 10.) In his Opposition, Plaintiff offers no explanation of how that audit work has any bearing on his claims.

In an attempt to keep EY-US in the case, Plaintiff's Opposition advances two new theories of EY-US's liability—neither of which is actually alleged in the Amended Complaint. First, Plaintiff asserts that EY-US was "a lead auditor, along with Ernst & Young Ltd. in the

---

[1] Plaintiff's various assertions that "representation" of the other firms or the individuals "has not been withdrawn" (Opp. at 4-5) or that the individuals "admitted" certain of Plaintiff's allegations (*id.* at 26) are therefore without any basis.

2

audit of all UBS foreign entities." (Opp. at 33.) Although Plaintiff's basis for this assertion is unclear, it is directly contradicted by the audit report itself, which expressly states that it is issued by, and signed on behalf of, EY-Switzerland. (*See* UBS 2013 Annual Report [Decl. Ex. C, Dkt. 74-5] at 346-49.) Moreover, this assertion in the Opposition contradicts the allegations in the Amended Complaint. (*See* Am. Compl. ¶ 6 (alleging that EY-US was the "public auditor of UBS Securities LLC"); *id.* ¶ 347 (alleging that "Ernst & Young Ltd." provided an opinion on the financial statements of "UBS AG" and that EY-US provided an opinion on the financial statements of "UBS Securities LLC").) To the extent that Plaintiff is surmising EY-US's role based on the fact that one of the signatories of EY-Switzerland's audit report is identified as a "Certified Public Accountant (U.S.)," the licensure jurisdiction of that individual does nothing to establish that EY-US must have been a "lead auditor" of UBS AG's financial statements, particularly when he signed on behalf of EY-Switzerland.

Second, Plaintiff argues that EY-US was the "alter ego" or "agent" of the other audit firm-defendants. (Opp. at 34.) The Amended Complaint does not allege facts to support either of these relationships. To plead a claim based on "alter ego," a plaintiff must allege, among other things, that "the owner exercised such control that the corporation has become a mere instrumentality of the owner, who is the real actor." *Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*, No. 03-cv-613, 2004 WL 112948, at *6 (S.D.N.Y. Jan. 22, 2004) (citing *Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1052 (2d Cir. 1997)). And to plead liability based on "agency," a plaintiff must allege: "(1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) an understanding between the parties that the principal is to be in control of the undertaking." *Id.* at *4 (citing Restatement (Second) of Agency § 1 cmt. b). The Amended Complaint (and the

3

Opposition, for that matter) pleads none of these elements. *See id.* (dismissing claims against U.S. member firms of international accounting networks because the complaint failed to "clearly and specifically articulate allegations of fact which can support the existence of at least one these relationships").[2] Nor could it. As courts consistently have held, "[m]ember firms in an international accounting association are not part of a single firm and are neither agents nor partners of other member firms simply by virtue of using the same brand name." *See id.* at *3; *see also, e.g., Tuttle v. Sky Bell Asset Mgt., LLC*, No. 10-cv-3588, 2011 WL 4713233, at *1 (N.D. Cal. Oct. 7, 2011) (noting that two Ernst & Young entities have no relationship "except that both are members of Ernst & Young Global Limited, which is a global organization of member firms practicing under the Ernst & Young brand, but which are all separate legal entities"); *Goh v. Baldor Elec. Co.*, No. 3:98-mc-64, 1999 WL 20943, at *3 (N.D. Tex. Jan. 13, 1999) (same).

## B. UBS's Financial-Statement Auditor Had No Role in Preparing the "Risk Factors" Section of the CEFL Product Supplement.

Plaintiff readily acknowledges that his "allegations involve the offering document for CEFL and not UBS's audited financial statements." (Opp. at 29.) That acknowledgement is fatal to Plaintiff's claims against EY-US and all of the other auditor defendants (putting aside the issue of which one actually was UBS's auditor) because, as discussed in EY-US's opening brief,

---

[2] At the end of that portion of the Opposition, Plaintiff includes a string cite to numerous paragraphs of the Amended Complaint: "FAC ¶ 24, 100-102, 104, 114, 317, 458, 461-462, 480-482, 490, 876, 915, 927." (Opp. at 34.) Not one of those paragraphs contains any relevant allegations; indeed, the majority contain no allegations whatsoever about EY-US. (*See* Am. Compl. ¶ 24 (identifying certain individual auditor defendants); ¶¶ 100-102, 104, 114 (background on securities-fraud legal standards); *id.* ¶ 317 (amount of Plaintiff's alleged loss); *id.* ¶¶ 458, 461-462 (alleged reliance on the Product Supplement); *id.* ¶¶ 480-482 (Plaintiff's not having read UBS's annual reports); *id.* ¶ 490 (allegation concerning alleged revenue of "EY Global"); *id.* ¶ 876 (assertion of fraud claim); *id.* ¶ 915 (securities-fraud background); *id.* ¶ 927 (alleged reliance on Product Supplement).)

4

no auditor is plausibly alleged to have played any role in drafting the "Risk Factors" section of the Product Supplement, which Plaintiff complains should have included the "undisclosed" "crimes." (*See, e.g.*, Mot. Dismiss Mem. at 8-9; Am. Compl. ¶¶ 202, 327, 540.) The CEFL offering documents do not ascribe any authorship or other participation to an auditor—other than to reference and incorporate UBS's 2013 financial statements audited by EY-Switzerland. Plaintiff cites no statute, regulation, professional standard, or other legal obligation imposing any duty on that financial-statement auditor to have reviewed or approved any risk-factor disclosures in UBS's subsequently issued offering documents for CEFL. None exist. *Cf.* PCAOB, AS 4101.08-.09 (the responsibilities of an auditor identified as an "expert" in a prospectus are to "make sure that his name is not being used in a way that indicates that his responsibility is greater than he intends"). Plaintiff's Opposition makes no real attempt to refute this or to otherwise explain why, in the face of his admission that his claim is not based on any misrepresentation or omission in UBS's audited financial statements, he has a viable claim against UBS's financial-statement auditor (let alone an auditing firm that did not audit UBS's financial statements).

### C. Plaintiff Concedes that the "Concealed" Information Was Disclosed in UBS's Audited Financial Statements.

EY-US noted in its opening brief that nearly all of the information Plaintiff claims should have been disclosed in the CEFL offering documents (that is, UBS's purported "crimes" and so-called "material risk factors") was, in fact, disclosed in the UBS financial statements that were expressly incorporated into the CEFL offering documents. (Mot. Dismiss Mem. at 12-13.) Plaintiff does not dispute this or attempt to show that any alleged "crime" or "material risk factor" was not so disclosed. Indeed, Plaintiff acknowledges that information on what he calls UBS's "vast criminal history" was contained in "UBS AG's annual reports." (Opp. at 29.)

5

Plaintiff instead asserts that his concealment claim is saved by the "buried facts doctrine." (*Id.* at 17.)

That doctrine is inapplicable, as shown by the Third Circuit case on which Plaintiff relies: *Werner v. Werner*, 267 F.3d 288 (3d Cir. 2001). In *Werner*, the plaintiff-investors complained that certain disclosures pertaining to a stock repurchase plan were "buried" in various documents. 267 F.3d at 297. The court recognized a line of cases applying a "buried facts doctrine" to claims of inadequate disclosures in securities filings, but the court explained that the doctrine applies "where the manner of disclosure disguised or seriously distorted important information." *Id.* at 298. In that case, the doctrine did not apply because the disclosures at issue were "prominently addressed in a contiguous section of the letter accompanying the 1991 annual report, as well in the report itself and in subsequent annual reports." *Id.*

Here, Plaintiff invokes the "buried facts doctrine" on the ground that UBS's 2013 Annual Report is a "voluminous document." (Opp. at 17.) But Plaintiff makes no showing that the disclosures were "disguised" or "seriously distorted." In fact, the notes to UBS's 2013 Annual Report contain a nearly ten-page contiguous section under the heading "Litigation, regulatory and similar matters." That section—which is also listed in the table of contents—discusses the very matters that Plaintiff alleges UBS and its auditor failed to disclose. (*See* UBS 2013 Annual Report [Decl. Ex. C, Dkt. 74-5] at 342, 416-25; *see also* Mot. Dismiss Mem. [Dkt. 73] at 12-13.) Such a disclosure is not "buried." *See, e.g., I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 763 (2d Cir. 1991) (a disclosure section identified in the table of contents is not "buried"); *Comas v. Merrill Lynch & Co.*, No. 92-cv-6560, 1993 WL 800778, at *4 (S.D.N.Y. July 2, 1993) (fact that a disclosure comes at the end of a long document does not render it inadequate under the "buried facts doctrine").

### D. The Amended Complaint Fails to Plead Adequately Any Claim Against EY-US.

Plaintiff's Opposition devotes considerable space to discussing the pleading standards that apply to Plaintiff's claims, but it offers merely conclusory assertions that the Amended Complaint satisfies those standards—not explanations of how it does so. The Amended Complaint itself is devoid of any particularized allegations of conduct, let alone misconduct, by EY-US or any other auditor defendant.

Plaintiff's pleading failures extend far beyond failure to plead with particularity, as described further in EY-US's opening brief. (*See* Mot. Dismiss Mem. at 13-24.) Suffice to say here that all of the claims against EY-US are based on the implausible and illogical theory that defendants intentionally concealed information that was disclosed in UBS's financial statements, regulatory filings, and news articles. Plaintiff cannot and does not plausibly plead scienter, justifiable reliance, or materiality under that theory. Moreover, Plaintiff never pleads facts that show that EY-US owed him any duty, nor does he plead that his losses were caused by the materialization of a concealed risk concerning UBS that caused the price of an index-tracking security, CEFL, to decline.

Plaintiff mostly disregards these issues in his Opposition, but he attempts to salvage two of his securities fraud claims, under Sections 11 and 12(a) of the 1933 Act, by asserting repeatedly that those claims "do not require a showing of scienter, reliance, or loss causation." (Opp. at 16; *accord id.* at 27, 33, 38.) Yet Plaintiff ignores the threshold limitations on liability under those statutes that render them wholly inapplicable to EY-US in this case. Section 11 applies only to an accountant who has "prepared or certified" part of a "registration statement"— and even then imposes potential liability only in connection with "the statement in such registration statement, report, or valuation, which purports to have been prepared or certified by

7

him." 15 U.S.C. § 77k(a)(4); *see also Herman & MacLean v. Huddleston*, 459 U.S. 375, 387 n.22 (1983) (accountants "cannot be reached by a Section 11 action" "with respect to parts of a registration statement which they are not named as having prepared or certified"). No portion of the CEFL offering documents "purports to have been prepared or certified by" EY-US (and even EY-Switzerland is identified only as the auditor of UBS's financial statements, which Plaintiff acknowledges do not form the basis of his claims). Plaintiff also fails to allege how or why the alleged omissions regarding litigation or regulatory enforcement matters concerning UBS were material with respect to the offering documents for the index-tracking CEFL securities. Moreover, Section 12(a) applies only to the seller of securities, not to the seller's auditor. *See* 15 U.S.C. § 77*l*(a); *see also In re Gas Reclamation, Inc. Sec. Litig.*, 659 F. Supp. 493, 508 (S.D.N.Y. 1987) ("[W]hile the banks . . . qualify as 'sellers' for purposes of section 12, the same is not true for [auditor] Peat Marwick, and the section 12 claims must be dismissed as against it . . . .").

### E. The Court Should Dismiss Plaintiff's Claims with Prejudice.

After the defendants moved to dismiss Plaintiff's original complaint, the Court allowed Plaintiff to amend but stated that "Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." (Oct. 26, 2017 Order [Dkt. 35] at 1.) The Court should stand by that order. As outlined above, despite Plaintiff having the opportunity to amend his complaint in light of EY-US's first motion to dismiss, the Amended Complaint still fails to state a claim against EY-US. Plaintiff's claims should now be dismissed with prejudice. *See, e.g., Bui v. Indus. Enters. of Am.*, 594 F. Supp. 2d 364, 373 (S.D.N.Y. 2009) (dismissing amended complaint with prejudice where "Plaintiffs have already had an opportunity to amend the Initial Complaint in response to the deficiencies pointed out by the first pre-answer motion to dismiss").

8

Moreover, it would be futile to allow any of the other Ernst & Young entity or individual defendants to be served, and the Court should refuse to allow such service and dismiss the claims against those unserved defendants. *See Drobner v. Bruce*, 531 F. App'x 96, 98 (2d Cir. 2013) (affirming district court's refusal to allow service of futile complaint on unserved defendants).

## CONCLUSION

For the reasons stated above and in EY-US's opening brief, the Court should dismiss, with prejudice, all of Plaintiff's claims against EY-US, as well as claims against unserved Ernst & Young entities or individuals.

Dated: April 2, 2018                                Respectfully submitted,

/s/ Richard T. Marooney
Richard T. Marooney
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-2601
Phone: (212) 556-2242
Fax: (212) 556-2222
Email: rmarooney@kslaw.com
*Counsel for Defendant Ernst & Young LLP*